# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeals of Bowman        }
                            }
                            }    Docket Nos. 163-10-01 Vtec
                            }    and 70-5-96 Vtec
                            }
                            }

## Order on Motion to Continue, and Scheduling Order on Pending Motions

Appellant William A. Bowman, III, represents himself in both above-captioned appeals. In Docket No. 70-5-96 Vtec, Attorney Charles F. Storrow represents neighbors of Mr. Bowman's property, and Attorney Robert E. Farrar represents the Town of Fairfax. In Docket No. 163-10-01 Vtec, an appeal from a Notice of Violation regarding a repair to Appellant's septic system, Attorney Storrow represents the Town of Fairfax.

Docket No. 163-10-01 was put on inactive status while the parties proceeded with a superior court case and several Supreme Court appeals involving the same property. At the last telephone conference held with the parties, the Court determined that this appeal should proceed on its merits, because it does not depend upon the outcome of the remaining Supreme Court appeal, and set it for trial.

However, Mr. Bowman has moved the Court to reopen Docket No. 70-5-96. Attorney Storrow, on behalf of the neighbors in that case, has responded to the motion, but the Town has not responded. Mr. Bowman argues in Docket No. 163-10-01 that one of those neighbors represented by Attorney Storrow in the litigation over the existence and width of the right-of-way was also the chair of the DRB when the Notice of Violation that is the subject of the present appeal was issued by the Zoning Administrator and upheld by the DRB. It is therefore difficult to determine whether this neighbor's position and the Town's position differ from one another.

Mr. Bowman has disclosed his intent to raise the issue of the Town's 'motivation' in issuing the Notice of Violation that is the subject of Docket No. 163-10-01. That is, he will be trying to show that the notice of violation at issue in Docket No. 163-10-01 was an act of vindictive prosecution by the Town (or the DRB chair) related to the acts and results in Docket No. 70-5-96.

Mr. Bowman also alleges that the septic system repair that was the subject of Docket No. 163-10-01 was completed in 2001, as soon as the private property litigation was concluded, and suggests that the Town should withdraw the notice of violation. The Town has not brought an enforcement complaint for any injunctive relief or penalty against Mr. Bowman regarding the septic system repair.

There is a potential for conflict of interest in any related cases in which an attorney represents different parties at the same time. Earlier in these proceedings no conflict of interest existed

because Docket No. 163-10-01 had not yet been filed at the time Attorney Storrow undertook representation of the neighbors in Docket No. 70-5-96. Similarly, at the time he undertook representation of the Town of Fairfax in Docket No. 163-10-01, which was filed in October of 2001, Docket No. 70-5-96 Vtec was already closed, not only by the Environmental Court's decision issued in 1997, but also by the Vermont Supreme Court's decision issued in 1998. However, if there was a conflict of interest in Docket No. 70-5-96 such that Attorney Farrar represented the Town instead of Attorney Storrow, then that same conflict of interest will also be reopened if Docket No. 70-5-96 Vtec is reopened, especially as Attorney Storrow represents the Town of Fairfax in Docket No. 163-10-01.

In a letter to the court dated January 7, 2004, Attorney Storrow responded on this issue, arguing that he disclosed the potential conflict to the Town of Fairfax and that the Town granted consent for him to continue to represent the Town in Docket No. 163-10-01. However, at least until the Town (through Attorney Farrar) takes a position <u>on the motion to reopen in Docket No. 70-5-96</u> and the Court rules on that motion, we cannot allow Attorney Storrow to represent the Town in Docket No. 163-10-01, due to the potential conflict of interest that would be created if Docket No. 70-5-96 Vtec were to be reopened. See Vermont Rule of Professional Conduct 1.7 and Comment. We will therefore place Docket No. 163-10-01 on hold temporarily, until we determine the status of Docket No. 70-5-96 Vtec.

While there is no indication that a conflict of interest has existed prior to this point, nor that Attorney Storrow's representation has prejudiced either of his clients up to this point, we must therefore grant the requested continuance in Docket No. 163-10-01 at least until we rule on the motion to reopen Docket No. 70-5-96 Vtec. Cf. <u>Petition of Vermont Electric Power Producers, Inc.</u>, 165 Vt. 282, 298 (1996).

In general, an attorney may not undertake representation adverse to a client without the client's consent. Vermont Rule of Professional Conduct 1.7(a) & Comment. See also, V.B.A. Advisory Ethics Opinion 92-15 (1992); A.B.A. Informal Opinion 1495 (1982). Where more than one client is involved and the lawyer withdraws because a conflict arises after representation has begun, the question of whether the lawyer may continue to represent any of the other clients is determined by Rule 1.9. Disciplinary Rule 5-105(8) states that "[a] lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client . . . would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C)." DR 5-105 (C) permits a lawyer to represent multiple clients only "if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure. . . ." Under certain circumstances an attorney should not provide representation even if the client consents. Vermont Rule of Professional Conduct 1.7, Comment. Because neither the Court nor Attorney Storrow nor Attorney Farrar nor the Town can yet determine whether the interests of the Town in Docket No. 163-10-01 differ from those of the Town or those of the neighbors in Docket No. 70-5-96, we have granted the motion for an extension of time and have postponed the hearing scheduled for Thursday, February 5, 2004.

This hearing is postponed specifically to allow the Town of Fairfax to determine, through Attorney Farrar, what its position is on the issue of whether to reopen Docket No. 70-5-96, and to file its response in that case. On or before February 25, 2004, the Town shall file that

response, or shall file a statement that it has reviewed the other parties' filings and declines to file a response to Appellant's Renewed Motion for Relief from Judgment. Any requests from the Town for more time shall be filed before the expiration of that time, or the Court will rule on the basis of the memoranda received at the Court by that date.

After the Court has ruled on the motion to reopen Docket No. 70-5-96, we will then consider the issue of whether Attorney Storrow may continue to represent the Town of Fairfax in Docket No. 163-10-01. Accordingly, soon after Town Meeting Day, Attorney Storrow and Attorney Farrar may also wish to discuss with the then-current Selectboard the Town's various options and strategies in Docket No. 163-10-01, and may file any memoranda regarding the Town's position on representation in that case so that it is received at the Court on or before March 15, 2004.

Done at Barre, Vermont, this 30th day of January, 2004.

_____
Merideth Wright
Environmental Judge